IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SIMPSON HOLDINGS, L.C., <br><br> Plaintiff, <br><br> v. <br><br> JAMES R. BUCHANAN AND KIMBERLY D. BUCHANAN, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS <br><br> Case No. 1:18-CV-86 TS-PMW <br><br> District Judge Stewart |

This matter is before the Court on Plaintiff Simpson Holdings, L.C.'s Motion to Remand to State Court and Plaintiff's Motion for Attorney's Fees and Costs Under 28 U.S.C. § 1447(c). For the foregoing reasons, the Court grants Plaintiff's Motion to Remand and denies Plaintiff's Motion for Attorney's Fees and Costs.

I.  BACKGROUND

According to the First Amended Complaint, Plaintiff operated a residential treatment facility in Wellsville, Utah and entered into an agreement ("Admissions Agreement") on May 20, 2015, to care for and treat the Buchanans' ("Defendants") daughter. Defendants' daughter was in Plaintiff's treatment facility from May 20, 2015, through April 28, 2017. Plaintiff says the regular rate for its facility is $15,000 a month, but Plaintiff gives a discount for patients who are uninsured and self-paying. In this case, Defendants had insurance, but the Admissions Agreement states Defendants owe a total of $8,900 (self pay) every month.

After arbitration with the insurance company, Defendants' insurance paid Plaintiff the customary $15,000 per month from May 20, 2015, to April 11, 2016 (the "Covered Period") but

1

would not pay the amount from April 12, 2016, to April 28, 2017 (the "Uncovered Period"). Accordingly, Plaintiff received $80,163.40 from Defendants' insurance company. Plaintiff returned some of the insurance money to Defendants but kept $65,601.94 (the "Insurance Proceeds"), claiming this amount is the difference between the customary rate and the self-pay rate for the Covered Period. Defendants sent a letter on April 26, 2018, requesting the remaining $65,601.94 from Plaintiff. Plaintiff refused to return the money and filed suit in state court requesting a declaratory judgment that Plaintiff is entitled to the Insurance Proceeds and that Defendants do not have any right to the Insurance Proceeds.

Plaintiff filed its First Amended Complaint in the First District of Utah in Cache County on June 14, 2018, and Defendants were served on June 21, 2018. On July 18, 2018, Defendants filed a Notice of Removal based on diversity jurisdiction. Plaintiff now seeks remand.

II. DISCUSSION

According to 28 U.S.C. § 1441(a),

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Defendants have the burden to show the jurisdictional facts by a preponderance of the evidence.[1] In addition, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal."[2]

---

[1] *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

[2] *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted).

In this case, Defendants removed to federal court based on diversity jurisdiction, so Defendants must show (A) the parties are diverse and (B) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" by a preponderance of the evidence.[3]

A. Diversity

Under 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a), the parties must be diverse for federal jurisdiction and removability. To determine the citizenship of unincorporated business entities, "federal courts must include all the entities' members."[4]

Although "Plaintiff does not dispute that the parties are of diverse citizenship,"[5] "[a] court always has jurisdiction to determine its own jurisdiction."[6] In their Notice of Removal, Defendants concluded that Plaintiff is a citizen of Utah because it is organized in Utah and has its principal place of business in Utah.[7] While this is the applicable rule for determining the citizenship of a corporation, the Supreme Court has "resisted extending that treatment to other entities" like unincorporated business entities.[8]

---

[3] 28 U.S.C. § 1332(a).

[4] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (reversed on other grounds by *Siloam Springs Hotel, LLC v. Century Sur. Co.*, No. 17-6208, 2018 U.S. App. LEXIS 29013 (10th Cir. Oct. 16, 2018)); *see also Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1176 (10th Cir. 2015).

[5] Docket No. 17, at 3.

[6] *Ute Indian Tribe of the Uintah & Ouray Reservation v. Lawrence*, 312 F. Supp. 3d 1219, 1264–65 (D. Utah 2018) (quoting *Gonzalez-Alarcon v. Macias*, 884 F.3d 1266, 1272 (10th Cir. 2018)) (alterations omitted).

[7] Docket No. 2 ¶ 6.

[8] *Penteco Corp. Ltd P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522–23 (10th Cir. 1991) (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 188 (1990)).

Like the statutes in *Siloam Springs Hotel, LLC*,[9] Utah law defines a limited liability company as an unincorporated business entity.[10] Plaintiff is an L.C., which is another name for a limited liability company, so Plaintiff is an unincorporated business entity under Utah law. As an unincorporated business entity, Plaintiff's citizenship is determined by the citizenship of each of its members. Neither Plaintiff's First Amended Complaint nor Defendants' Notice of Removal identifies Plaintiff's members or the members' citizenship.

Because Defendants have not asserted the facts necessary to establish diversity, Defendants failed to show that this Court has original jurisdiction, which is necessary for removal under 28 U.S.C. § 1441(a). Because Defendants failed to include Plaintiff's members' citizenship and did not show the diversity of the parties by a preponderance of the evidence, removal is not proper here, and the Court orders the case to be remanded to state court.

B. Amount in Controversy

Even if the parties are diverse, the Court would still remand for Defendants' failure to show the amount in controversy exceeds $75,000, which is the second requirement for diversity jurisdiction under 28 U.S.C. § 1332(a). To determine whether there is diversity jurisdiction sufficient for removal to federal court, courts generally rely on the complaint.[11] If the amount in the complaint is not dispositive, courts may also rely on the allegations in the notice of removal to show the amount in controversy exceeds $75,000.[12] Although Plaintiff's First Amended

---

[9] 781 F.3d at 1237.

[10] Utah Code Ann. § 48-3a-101 to § 1405.

[11] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (abrogated on other grounds by *Dart Cherokee Basin Operating Co., LLC v. Owens*, --- U.S. ---, 135 S. Ct. 547 (2014)).

[12] *Id.*

Complaint requests declaratory relief for $65,601.94, Defendants' Notice of Removal argues that 1) the Admissions Agreement provides for attorney's fees, which increases the amount in controversy to more than $75,000, and 2) Defendant's compulsory counterclaims of $177,147.94 can be an independent basis for federal jurisdiction in a removal case.

First, it appears unlikely that either party would be entitled to attorney's fees for this action under the Admissions Agreement, so neither party's attorney's fees could be included to establish the required amount in controversy. Second, "the modern trend and majority position is for courts to disallow consideration of the counterclaim as establishing the jurisdictional amount."[13] This Court agrees with this reasoning and finds "no compelling reason to reject the majority position."[14] For these reasons, Defendants did not meet their burden of proof for the amount in controversy, and the Court will remand.

C. Attorney's Fees

28 U.S.C. § 1447(c) says "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." In 2005, the Supreme Court determined that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[15] The Court explained there is no "sound basis" for "adopting a strong presumption in favor of awarding fees."[16] Nor does the statute require a showing that the unsuccessful party's position

---

[13] *Aurora Loan Serv. v. Wong*, No. 2:11-cv-492-CW, 2011 WL 5404012, at *1 (D. Utah Nov. 7, 2011).

[14] *Id.*

[15] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

[16] *Id.* at 137.

was "frivolous, unreasonable, or without foundation."[17] Instead, the court held that the decision to award attorney's fees under § 1447(c) is discretionary based on the language of the statute.[18] Applying this standard, attorney's fees are not appropriate here.

Defendants removed based on diversity jurisdiction, which requires that the parties are diverse and that the amount in controversy exceeds $75,000.[19] Although Defendants' Notice of Removal does not establish diversity jurisdiction, Defendants had objectively reasonable bases for removing. While Defendants used the wrong test to determine Plaintiff's citizenship, the test they used would establish diversity if Plaintiff were incorporated, and there may still be diversity under the correct test. Using the wrong test may be objectively unreasonable in some circumstances, but Plaintiff never recognized Defendants' mistake. Despite all of Plaintiff's arguments that Defendants' removal was unreasonable, Plaintiff never suggested that Defendants acted unreasonably because the parties were not diverse or because Defendants were implementing the wrong test for citizenship. Plaintiff did "not dispute that the parties are of diverse citizenship" and made no mention of what test for citizenship would be appropriate to establish diversity. Because both parties made this mistake, the mistake does not warrant an award for attorney's fees.

The parties' mainly discuss the amount in controversy, which was also a reasonable basis for removal. Because there is a contract in this case that provides a way for the parties to establish a right to attorney's fees, and the contractual provision may be difficult to interpret, Defendants' inclusion of attorney's fees in the amount in controversy was objectively

---

[17] *Id.* at 138 (citation omitted).

[18] *Id.* at 136.

[19] 28 U.S.C. § 1332(a).

reasonable. Further, the lack of Tenth Circuit precedent about using compulsory counterclaims as an independent basis for removal demonstrates that Defendants did act reasonably in their removal because there was no way to know whether their arguments would succeed. Because Defendants had objectively reasonable bases for removing, Plaintiff will not be granted attorney's fees under 28 U.S.C. § 1447(c).

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Remand to State Court (Docket No. 17) is GRANTED. It is further

ORDERED that Plaintiff's Motion for Attorney's Fees and Costs Under 28 U.S.C. § 1447(c) (Docket No. 24) is DENIED.

The clerk of the Court is directed to remand this matter to the First Judicial District Court, State of Utah.

DATED this 13th day of November, 2018.

BY THE COURT:

_____
Judge Stewart
United States District Judge